UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
CHRISTOPHER STEVENS,

                    Plaintiff,

       vs.                                      6:13-CV-783

RITE AID CORPORATION d/b/a RITE AID
PHARMACY, a/k/a ECKERD CORPORATION
d/b/a RITE AID,

                    Defendant.
-----------------------------------------------------------------

## VERDICT SHEET FORM

**PLEASE NOTE** - Each Juror will be provided with a Verdict Sheet Form in order to facilitate understanding of the charge and to aid in deliberation as to the elements of each claim. HOWEVER, YOUR VERDICT SHOULD BE REPORTED TO THE JUDGE ON <u>ONLY ONE</u> VERDICT SHEET FORM WHICH IS SIGNED BY THE JURY FOREPERSON. The remaining Verdict Sheet Forms should be returned to the courtroom deputy unsigned. Each question must be answered unanimously.

**ALSO, PLEASE CAREFULLY FOLLOW THE BOLD-TYPE DIRECTIONS ACCOMPANYING EACH QUESTION.**

1. Has Plaintiff Christopher Stevens proven by a preponderance of the evidence that he was discharged because of a disability in violation of the ADA?

   (**NOTE**: Your answer to this question must take into account whether Rite Aid has proven by a preponderance of the evidence that providing an accommodation that would allow Plaintiff to perform the essential functions of his job, if such accommodation was required and exists, would constitute an undue hardship to the employer. If you find that Rite Aid has proven this, then you must answer this question "No.")

   Yes __✓__        No_____

**Proceed to Question 2.**

2. If you find that Plaintiff has a qualified disability under the ADA, has Plaintiff Christopher Stevens proven by a preponderance of the evidence that Rite Aid failed to provide a reasonable accommodation as defined in the Note to Question 1 in violation of the ADA?

   Yes __✓__        No_____

**Proceed to Question 3.**

3. Has Plaintiff Christopher Stevens proven by a preponderance of the evidence that he was retaliated against in violation of the ADA?

   Yes __✓__        No_____

**Proceed to Question 4.**

4. Has Plaintiff Christopher Stevens proven by a preponderance of the evidence that he was discharged because of a disability in violation of the Human Rights Law?

   (**NOTE**: Your answer to this question must take into account whether Rite Aid has proven by a preponderance of the evidence that Plaintiff's disability, if you find one exists, prevented Plaintiff, either with or without a reasonable accommodation, from performing the essential job functions in a reasonable manner. If you find that Rite Aid has proven this, then you must answer this question "No.")

   Yes __✓__     No _____

**Proceed to Question 5.**


5. If you find that Plaintiff has a qualified disability under the Human Rights Law, has Plaintiff Christopher Stevens proven by a preponderance of the evidence that Rite Aid failed to provide a reasonable accommodation as defined in the Note to Question 4 in violation of the Human Rights Law?

   Yes __✓__     No _____

**Proceed to Question 6.**

3

6. Has Plaintiff Christopher Stevens proven by a preponderance of the evidence that he was retaliated against in violation of the Human Rights Law?

Yes ✓       No _____

**Proceed to Question 7 ONLY if you answered "Yes" to ANY of Questions 1-6.**

**If you answered "No" to ALL of Questions 1-6, then your deliberations are complete, skip the remaining questions, and date and sign this verdict sheet.**

7. What amount of back-pay damages, if any, has Plaintiff Christopher Stevens proven by a preponderance of the evidence that he is entitled to as a result of Defendant Rite Aid's discriminatory actions?

$ 485,633.00

**Proceed to Question 8.**

8. What amount of front-pay damages, if any, has Plaintiff Christopher Stevens proven by a preponderance of the evidence that he is entitled to as a result of Defendant Rite Aid's discriminatory actions?

$ 1,227,188.00

8(a). If you found that Plaintiff Christopher Stevens is entitled to front-pay damages, state the number of years from the date of your verdict into the future that this award encompasses:

4.75 years

**Proceed to Question 9.**

4

9.  What amount of non-pecuniary damages (emotional distress, etc), if any, has Plaintiff Christopher Stevens proven by a preponderance of the evidence that he is entitled to as a result of Defendant Rite Aid's discriminatory actions?

    $ __900,000.00__

**If your answers to Question 7, 8 <u>AND</u> 9 are $0, proceed to Question 10.**

**If your answers to Question 7, 8 <u>OR</u> 9 are $1.00 or more, proceed to the <u>instructions before</u> Question 11.**

10. Do you find that Plaintiff Christopher Stevens is entitled to nominal ($1.00) damages for Defendant Rite Aid's discriminatory conduct?

    (Remember, in the event that Plaintiff has proven his claim against Defendant but failed to prove by a preponderance of the evidence that he suffered actual damages, you must award nominal damages in the amount of $1.00.)

    Yes_____    No_____

**Proceed to Question 11 ONLY if you answered "Yes" to Questions 1, 2, OR 3. If you answered "No" to Questions 1, 2, AND 3, skip Question 11 and report your verdict.**

11. Do you find that Plaintiff Christopher Stevens has proven by a preponderance of the evidence that he is entitled to punitive damages as a result of Defendant Rite Aid's discriminatory conduct?

    Yes_____    No___✓___

**Your deliberations are complete.**

5

## PLEASE REPORT YOUR VERDICT TO THE MARSHAL.  PLEASE REMEMBER TO DATE AND SIGN THIS VERDICT SHEET.  THANK YOU.

1/22/15
Date

** REDACTED NAME **

/ Foreperson